UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN W. KOCAN, | ) | |
| Plaintiff(s), | ) ) | Case No. 2:14-cv-01058-JAD-NJK |
| vs. | ) ) | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant(s). | ) ) | (Docket No. 19) |
| | ) | |

Pending before the Court is Plaintiff's attorneys' request for fees pursuant to 42 U.S.C. § 406(b). Docket No. 19. Defendant filed a non-opposition. Docket No. 20. Plaintiff did not respond to the motion. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion for attorneys' fees is hereby **DENIED** without prejudice. Any renewed motion shall be filed in accordance with the guidance provided below and must be filed no later than January 13, 2016.

I.  **BACKGROUND**

This is a social security case in which the Government stipulated to remand before any substantive briefing occurred in this Court. Upon remand, Plaintiff prevailed in obtaining benefits. Plaintiff's attorneys now seek to recover fees pursuant to 42 U.S.C. § 406(b) in the amount of 25% of the past-due benefits awarded on remand.

//

//

## II.     STANDARDS

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In applying Section 406(b), the Court first determines whether a fee agreement has been executed between the plaintiff and his attorney. *See, e.g.*, *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007). If so, the Court must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nonetheless, the Court has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue,* 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*). "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (internal quotation and citation omitted). The Court's review of the amount of attorneys' fees is meant as "an independent check" to ensure that the agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

To determine whether the contingency fee is unreasonable the Court may require the attorney to provide a statement of the number of hours worked on the case, and the attorney's regular hourly rate. *Crawford,* 586 F.3d at 1148. Nonetheless, the Court is mindful that the question is whether the amount under the agreement should be reduced, and not whether the lodestar should be enhanced. *Id.* at 1149. "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148.

## III.    ANALYSIS

The Court finds the pending motion insufficient to render a decision. In particular, the Court has concerns as to (1) whether a sufficient showing has been made that the submitted fee agreement supports an award of a 25% contingency fee and (2) whether a sufficient showing of reasonableness has been made. The Court will address each issue in turn below.

//

A.  Contingency Fee Agreement

Mr. Kalagian's fee request relies on an agreement from April 22, 2013, providing a fee of 25% of backpay awarded upon reversal of any unfavorable ALJ decision if the matter requires judicial review. Docket No. 19-2. The motion states that "John W. Kocan agreed at the outset of the representation that Marc V. Kalagian would receive a fee of 25% of the past due benefits awarded." Docket No. 19 at 5. This statement is not supported by the record. The fee agreement presented is between Plaintiff and Steven G. Rosales of the Law Offices of Lawrence D. Rohlfing. *See* Docket No. 19-2. Mr. Kalagian has failed to explain how this fee agreement supports his request for attorneys' fees given that neither he nor the firm with which he has pursued this case is a signatory of that agreement.[1] As such, the motion has not sufficiently shown that a contingency fee agreement applies to the motion brought by Mr. Kalagian.

B.  Reasonableness of Award

In the event the contingency fee agreement submitted were to apply in this case, the Court would turn to an evaluation of the reasonableness of the fee award sought. The Court reiterates that the attorney seeking fees bears the burden of establishing reasonableness. The Court may conduct a lodestar check to assess reasonableness. The Court declines to express an opinion at this time on the lodestar check because the Court's ability to conduct that analysis has been hindered in this case in several ways.

First, courts within the Ninth Circuit have required a showing that the hours claimed as part of the lodestar check were reasonably expended on the litigation. *See, e.g.*, *Giumarra v. Comm'r of Soc. Security*, 2015 WL 6688989, *2 (E.D. Cal. Oct. 30, 2015). These courts have explained that the ability

---

[1] Mr. Kalagian's affiliation with the Law Offices of Lawrence D. Rohlfing is unclear. The pending motion is captioned to indicate that Mr. Kalagian works for the Law Offices of Lawrence D. Rohlfing. *See* Docket No. 19 at 1; *see also* Docket No. 17 (stipulation for EAJA fees, with same caption). Nonetheless, Mr. Kalagian has generally appeared in this case as an attorney with a different law firm, the Law Offices of Rohlfing & Kalagian, LLP. *See, e.g.*, Docket Nos. 1-1, 3, 4, 10, 15. Mr. Kalagian's CM/ECF account also indicates that he works as an attorney with the Law Offices of Rohlfing & Kalagian, LLP. *See* Docket generally. He continues to file documents in other cases as an attorney with the Law Offices of Rohlfing & Kalagian, LLP. *See, e.g.*, *Manneh v. Colvin*, Case No. 2:15-cv-02200-RFB-PAL (Docket No. 1-1, filed on November 19, 2015). Both Mr. Kalagian's Nevada and California Bar records indicate that he is an attorney with the Law Offices of Rohlfing & Kalagian, LLP. *Cf. White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (court may take judicial notice of state bar records).

to check reasonableness would be undermined if the Court does not excise from the lodestar check hours that were excessive or otherwise not reasonably expended. *See id.* Mr. Kalagian asserts that he, another attorney, and a paralegal spent 14.1 hours in relation to this case. The Court has several concerns about the hours claimed, including:

- Paralegal Enedina Perez spent one hour preparing the complaint in this matter, Docket No. 19-5 at 1, despite the fact that the complaint is a form used by counsel, consisting of bare bones allegations that is changed in minimal ways in each case filed, Docket No. 1-1, *see also Schwei v. Colvin*, 2015 WL 3630961, *2 & n.2 (D. Nev. June 9, 2015) (discussing the form complaint used by counsel);

- Ms. Perez also spent one hour preparing "forms" for this case, without elaboration, Docket No. 19-5 at 1;[2]

- Ms. Perez expended 2.7 hours communicating with the client, Docket No. 19-5 at 1, which appears excessive in an appeal based on the administrative record;

- Attorney Vijay Patel has listed 3.0 hours to "research and review Defendant's settlement proposal," as well as another 1.2 hours discussing the terms with Mr. Kalagian, Docket No. 19-5 at 1, without any explanation why such a significant amount of time was required;

- Mr. Patel also indicated that he expended .3 hours "review[ing] the Courts [sic] remand order," Docket No. 19-5 at 1, an order that consists entirely of Judge Dorsey affixing her signature to the three sentence stipulation submitted by the parties, *see* Docket No. 16 at 2.[3]

Given that the 14.1 hours spent appears to be excessive, it is not clear to the Court that it should conduct the lodestar check based on the number of hours submitted.

---

[2] It is unclear what "forms" are at issue. The only forms submitted to the Court were an application to proceed *in forma pauperis* and a civil cover sheet. *See* Docket Nos. 1, 1-2. An attorney on the case listed time separately for preparing the application to proceed *in forma pauperis*. Docket No. 19-5 at 1.

[3] This list is not meant to be exhaustive of time entries that appear excessive.

Second, Section 406(b) is limited to an award of attorneys' fees for time expended in relation to proceedings in this Court. *See, e.g.*, *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir. 1975). As a corollary, courts have excluded from the hours used in the lodestar check time that was not expended in relation to the district court proceedings. *See, e.g.*, *Rodenas v. Colvin*, 2013 WL 1855837, *4 (C.D. Cal. Apr. 30, 2013). Several of the time entries relate to tasks performed after the case was remanded, including an hour-long telephone call with Plaintiff more than a week after remand. *See* Docket No. 19-5 at 1. The pending motion fails to sufficiently explain why such hours should be included in the lodestar check.

Third, when Mr. Kalagian sought an award of fees pursuant to the EAJA, he obtained a stipulation for the payment of $1,425, the "amount represent[ing] compensation for <u>all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action</u>." Docket No. 17 at 2 (emphasis added). The stipulation did not indicate the number of hours on which the EAJA award was based, but it appears from the time sheet now submitted to have been significantly less time. *Compare* Docket No. 19-5 at 1 (providing an EAJA calculation as $4,065 for the hours now claimed). The pending motion fails to sufficiently explain why the Court should conduct the lodestar check for Section 406(b) purposes based on the expenditure of 14.1 hours when it appears Mr. Kalagian previously obtained an EAJA award based on a significantly smaller number of hours.

Lastly, Mr. Kalagian seeks an award at the top end of what the Ninth Circuit has approved as part of a lodestar check in the past. *Compare* Docket No. 19 (asserting that an effective lawyer/paralegal hourly rate of $899 is reasonable) *with Crawford*, 586 F.3d at 1153 (Clifton, J., concurring in part and dissenting in part) (noting that the majority opinion allows an effective lawyer/paralegal rate of $902). Mr. Kalagian has failed to explain why the figures in *Crawford* provide an appropriate guidepost in this case given that the awards sought in *Crawford* were significantly less than the 25% contingency fee amount. In seeking a lower award, the attorneys in that case themselves suggested that a full 25% recovery of fees would be a windfall. *See Crawford*, 586 F.3d at 1150 n.8. Other courts within the Ninth Circuit have explained that full fee awards of 25% should be the exception and should not be granted as a matter of routine, especially in cases in which the Commissioner stipulates to remand. *See Baugh v. Astrue*, 2011 WL 4738196, *7 (D. Ore. Sept. 12, 2011) (distinguishing *Crawford* on the basis

5

that the motion before the court did not include a voluntary reduction in the amount of fees sought); *see also Shuffield v. Colvin*, 2014 WL 2041935, *2 (D. Nev. May 15, 2014) (denying request for full 25% contingency fee amount in case with stipulated remand); *Laboy v. Colvin*, 2014 WL 299172, *1-2 (D. Nev. Jan. 27, 2014) (same). The pending motion fails to sufficiently explain why a full contingency award of 25% is proper given the circumstances of this case.

IV.   CONCLUSION

For the reasons discussed more fully above, the pending motion is **DENIED** without prejudice. Any renewed motion shall be filed in accordance with the guidance provided below and must be filed no later than January 13, 2016.

IT IS SO ORDERED.

DATED: December 30, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge