# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN W. KOCAN,<br><br>              Plaintiff(s),<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>              Defendant(s). | Case No. 2:14-cv-01058-JAD-NJK<br><br>ORDER |

       On December 30, 2015, the Court denied without prejudice Plaintiff's attorneys' motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). Docket No. 22. Among several concerns identified in that order, the Court noted that the number of hours for which Plaintiffs' counsel recovered attorneys' fees through its EAJA fee request appeared to be significantly fewer than the number of hours presented with respect to the § 406(b) motion for attorneys' fees. *See id.* at 5.

       Plaintiff's counsel has now filed a renewed motion for attorneys' fees pursuant to § 406(b), which indicates that counsel sought less in attorneys' fees from the Commissioner under the EAJA in a good faith attempt to compromise. *See* Docket No. 23 at 5-6.[1] As a policy matter, the Court generally encourages parties to settle disputes without court intervention. *See, e.g.*, *Ahern v. Central Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988). Notwithstanding that policy, however, the impact of the

---

[1] Other than indicating that fees awarded under the EAJA must offset fees awarded pursuant to § 406(b), the Commissioner's non-opposition to the renewed motion is silent on this issue. *See* Docket No. 24.

compromise reached between the Commissioner and Plaintiff's counsel in this instance has created concern with respect to the pending motion for attorneys' fees under § 406(b). The stipulation on the EAJA fee award reduced the amount of fees paid by the Commissioner by $2,640, or nearly two-thirds of the EAJA amount claimed by Plaintiff's counsel. *Compare* Docket No. 17 (agreeing to an EAJA fee award of $1,425) *with* Docket No. 19-5 (calculating EAJA fee award at $4,065).[2] Given that § 406(b) fee awards are offset by EAJA fee awards, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (the EAJA award "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket" through this offsetting function), the EAJA stipulation has effectively shifted the burden to pay attorneys' fees from the Commissioner to Plaintiff.[3] It certainly appears to be a perverse result that the responsibility to pay attorneys' fees presumably owed by the Commissioner should be effectively shifted to an individual that the Commissioner has now found to be disabled.

Because neither Plaintiffs' counsel nor the Commissioner has provided any explanation or legal authority on this issue, the Court hereby **ORDERS** that they each file supplemental briefs addressing it no later than February 11, 2016.

IT IS SO ORDERED.

DATED: January 28, 2016

NANCY J. KOPPE
United States Magistrate Judge

---

[2] An award of attorneys' fees pursuant to the EAJA requires a showing that the position of the United States was not substantially justified. *See, e.g., Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). Nonetheless, the standards for substantial justification mirror the standards for this Court's review of the Commissioner's decision, such that a finding against the Commissioner in this Court generally results in a finding that substantial justification was lacking. *See, e.g.*, *id.*

[3] The Court is in no way doubting that Plaintiff's counsel and the Commissioner sought to compromise in good faith the EAJA attorneys' fees. Nor is the Court suggesting that Plaintiffs' counsel and the Commissioner consciously sought to shift the responsibility to pay for these attorneys' fees to Plaintiff. Nonetheless, the resulting situation has effectively done so.