UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN W. KOCAN, | ) |
| | ) Case No. 2:14-cv-01058-JAD-NJK |
| Plaintiff(s), | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| CAROLYN W. COLVIN, Acting | ) (Docket No. 23) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

Pending before the Court is Plaintiff's attorneys' renewed request for fees pursuant to 42 U.S.C. § 406(b). Docket No. 23. Defendant filed a non-opposition. Docket No. 24. Plaintiff did not respond to the motion. Plaintiff's attorneys and Defendant also filed supplemental briefs. Docket Nos. 27-28.

The undersigned finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion be granted.

I.   **BACKGROUND**

This is a social security case in which the Government stipulated to remand before any substantive briefing occurred in this Court. Upon remand, Plaintiff prevailed in obtaining benefits. Plaintiff's attorneys sought to recover fees pursuant to 42 U.S.C. § 406(b) in the amount of 25% of the past-due benefits awarded on remand, or $12,682. Docket No. 19. On December 30, 2015, the undersigned denied without prejudice that motion based on several concerns. Docket No. 22. Plaintiff's attorneys have now filed a renewed motion addressing those concerns and seeking fees under § 406(b) in the amount of $8,000. Docket No. 23.

**II.     STANDARDS**

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In applying Section 406(b), the Court first determines whether a fee agreement has been executed between the plaintiff and his attorney. *See, e.g.*, *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007). If so, the Court must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nonetheless, the Court has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue,* 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*). "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (internal quotation and citation omitted). The Court's review of the amount of attorneys' fees is meant as "an independent check" to ensure that the agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

To determine whether the contingency fee is unreasonable, the Court may require the attorney to provide a statement of the number of hours worked on the case, and the attorney's regular hourly rate. *Crawford,* 586 F.3d at 1148. Nonetheless, the Court is mindful that the question is whether the amount under the agreement should be reduced, and not whether the lodestar should be enhanced. *Id.* at 1149. "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148.

**III.    ANALYSIS**

Plaintiff's attorneys' renewed motion seeks an award of fees in the amount of $8,000, or 15.77% of the retroactive benefits awarded to Plaintiff. Plaintiff's attorneys argue that such an award is reasonable in light of a lodestar check based on 11.8 hours expended in proceedings before this Court. A sufficient showing has been made that the fee amount now sought is reasonable.

     A.     <u>Lodestar Check</u>

Conducting the lodestar check requires the Court to determine the reasonable hours expended and evaluate the reasonableness of the resulting effective hourly rate. *See, e.g., Giumarra v. Comm'r of Soc. Security*, 2015 WL 6688989, *2 (E.D. Cal. Oct. 30, 2015). While the Court appreciates that counsel have now trimmed some of the hours originally claimed, it is clear that the hours claimed continue to be excessive. For example, it is not reasonable for Plaintiff's attorneys' paralegal to bill one hour to prepare a bare-bones, form complaint that is changed in minimal ways in each case. *Cf. Schwei v. Colvin*, 2015 WL 3630961, *2 & n.2 (D. Nev. June 9, 2015) (referencing same form complaint).[1] In the exercise of its discretion, the undersigned applies a haircut on the hours claimed to account for such excessiveness, *see Davis v. Colvin*, 2015 WL 268950, *4 (D. Ore. Jan. 20, 2015) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)), and will accredit Plaintiff's counsel with 11 hours of time expended.

Using the 11-hour figure, the effective hourly rate sought by Plaintiff's counsel in this case is roughly $727. This appears at first blush to be an excessive effective hourly rate. *Cf. Splond v. Colvin*, 2015 WL 3864612, *2 (D. Nev. June 19, 2015) (in social security appeal involving stipulated remand, reducing fees to $6,582.75 for 13.8 hours spent on representing client in this Court, or effectively $477 per hour). Nonetheless, the Court is mindful of the primacy of the contingency fee agreement, the lack of certainty in performing contingency fee work, Plaintiff's counsel's exercise of billing judgment in reducing the hours claimed, and Plaintiff's counsel's willingness to seek a fee below the 25% cap to avoid a windfall. Moreover, the Ninth Circuit has shown a willingness to find effective hourly rates in this range to be reasonable. *Cf. Crawford*, 586 F.3d at 1153 (Clifton, J., concurring and dissenting) (calculating effective hourly rates found reasonable by majority). Accordingly, an award of attorneys' fees sought in the amount of $8,000 is reasonable in this case.

---

[1] This conclusion is not changed by the fact that Plaintiff's counsel now asserts that the paralegal also conducts a "jurisdictional check" and must review the case file prior to filing a complaint. *See* Docket No. 23 at 4. Nor is the Court persuaded by Plaintiff's reliance on the hours claimed in *Berman v. Colvin*, 2014 WL 4809886, *5 (D. Nev. Sept. 29, 2014), as it is not clear that the complaint used in that case was a form complaint and, if it was, whether the Court was aware of that fact.

B.  Impact of Stipulated EAJA Fee Award

Because § 406(b) fee awards are offset by attorneys' fees awarded under the Equal Access to Justice Act ("EAJA"), an EAJA fee award "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Gisbrecht*, 535 U.S. at 796. The undersigned previously expressed concern that Plaintiff's counsel and the Commissioner stipulated to an EAJA fee amount at a fraction of the total EAJA fee amount shown in the documents currently submitted by Plaintiff's counsel. Docket No. 25 at 2 (documents submitted calculated the EAJA fee amount as $4,065, but counsel stipulated to an EAJA award of $1,425). Courts have routinely reviewed attorneys' efforts (or lack thereof) to collect an EAJA fee award in analyzing a later § 406(b) fee request. *See, e.g.*, *Harlow v. Astrue*, 610 F. Supp. 2d 1032, 1034 (D. Neb. 2009) ("for purposes of determining the amount of attorney fees, if any, to award under § 406(b), it is appropriate to consider the amount of attorney fees that might have been awarded under the EAJA").[2] In this instance, the undersigned finds the partial stipulated EAJA fee award does not adversely impact the § 406(b) fee request. Most significantly, the EAJA calculation provided by Plaintiff's counsel in briefing the § 406(b) fee request is mathematically incorrect, and the difference between the full potential EAJA fee award and the stipulated EAJA fee award is significantly less than first appeared. *See* Docket No. 19-5.[3] Moreover, those hours would have been reduced further by the Court in calculating an EAJA fee award in light of the excessive nature of the hours claimed. *See, e.g.*, *Costa v. Comm'r of Social Sec. Admin*, 690 F.3d 1132, 1135 (9th Cir. 2012) (EAJA fees calculated based on lodestar approach, which is based on only those hours "reasonably expended"). Any remaining discrepancy between the EAJA fees recovered and the EAJA lodestar figure would likely be a few hundred dollars, a discrepancy that properly reflects the mitigation of the risk that the Court might not have found Plaintiff entitled to EAJA fees. *See Campbell v. Astrue*,

---

[2] While this issue most frequently arises in the context of an attorney failing to seek any EAJA fee award, it is also appropriate to consider an attorney's collection of a partial EAJA fee award in reviewing a § 406(b) fee request. *See George v. Astrue*, 2009 WL 197054, *2 (E.D.N.Y. Jan. 28, 2009) (considering the omission of certain hours from the EAJA fee application that was filed).

[3] The document submitted by counsel subtotals attorney time as equating to $3,366.36, but the 9 hours shown multiplied by the hourly rate of $187.02 is only $1,683.18. *See* Docket No. 19-5. When calculated correctly, the total possible EAJA fee award was actually $2,381.88 and not $4,065.06.

736 F.3d 867, 869 (9th Cir. 2013) (EAJA fees are awarded unless the government's positions were "substantially justified," and EAJA fees are not automatically awarded in every case in which an ALJ's decision is reversed and remanded); *but see Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) (recognizing that a finding of substantial justification is unlikely).

## IV.   CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that the motion for $8,000 in attorneys' fees be granted, to be offset by the EAJA award already provided.

IT IS SO ORDERED.

DATED: February 16, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).